**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARLON ENRIQUE MEDINA SOTO, | Case No.: 1:25-cv-01954-KES-SKO (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION TO DENY PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| TIMOTHY S. ROBBINS, et al., | |
| Respondents. | |

Petitioner Marlon Enrique Medina Soto is an immigration detainee proceeding with counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed the instant petition on December 20, 2025, (Doc. 1), along with a motion for temporary restraining order, (Doc. 2). He challenges his detention by the Bureau of Immigration and Customs Enforcement ("ICE"). He claims ICE re-detained him without first providing him with written notice and a hearing before a neutral decisionmaker in violation of his Fifth Amendment due process rights.

On February 20, 2026, the District Court denied Petitioner's motion for temporary restraining order finding Petitioner unlikely to succeed on the merits of his due process claim. (Doc. 13.) The matter was referred to the undersigned for further proceedings.

On February 23, 2026, the undersigned issued an order directing the parties to advise the Court if they wished to provide additional briefing. (Doc. 14.) On the same date, both parties advised that they did not wish to submit further briefing. (Docs. 15, 16.)

For the reasons discussed below, the Court will recommend the petition be denied.

## I.      BACKGROUND

Petitioner is a 30-year-old citizen of Venezuela who is seeking asylum. (Doc. 1 at ¶ 12.)  He arrived in the United States without inspection on or about June 24, 2021. (Doc. 1 at ¶ 22.) He was arrested and detained by ICE on the same date. (Doc. 1 at ¶ 22.) During Petitioner's interview with ICE officers, he expressed a credible fear of persecution or torture. (Doc. 1 at ¶ 24.)

On July 23, 2021, Petitioner underwent a credible fear interview with an asylum officer. (Doc. 1 at ¶ 25.) On July 27, 2021, an asylum officer made a positive determination of a credible fear. (Doc. 1 at ¶ 25.) Petitioner was served a Notice to Appear in Immigration Court. (Doc. 1 at ¶ 25.)

On August 4, 2021, the Department of Homeland Security ("DHS") initiated removal proceedings against Petitioner, and a master calendar hearing was scheduled for August 18, 2021. (Doc. 1 at ¶ 26.)

On August 18, 2021, DHS released Petitioner from detention on a bond payment of $3,000. (Doc. 1 at ¶ 27.) On the same date, Petitioner posted bond and was released from custody. (Doc. 1 at ¶ 28.) Petitioner then went to live with his wife and minor children in Tulsa, Oklahoma. (Doc. 1 at ¶ 28.)

In or around October 2021, Petitioner relocated to Dallas, Texas, and notified ICE of his move. (Doc. 1 at ¶ 32.) Petitioner lived and worked in Dallas, Texas. (Doc. 1 at ¶ 33.)

On March 13, 2025, Petitioner was arrested for misdemeanor property theft for stealing items from Walmart. (Doc. 1 at ¶ 34.) He remained in jail from March 13, 2025, to October 7, 2025, when he pled no-contest to the charges. (Doc. 1 at ¶ 35.) Petitioner was fined and released. (Doc. 1 at ¶ 35.) Petitioner was released to ICE custody as ICE had placed an immigration hold on Petitioner on the date of his arrest. (Doc. 1 at ¶ 35.) Petitioner was eventually transferred to California City Detention

Center where he remains today. (Doc. 1 at ¶ 35.) Petitioner states he was not provided with written notice of the reason for his re-detention, or a hearing before a neutral decision-maker prior to re-detention. (Doc. 1 at ¶¶ 37-38.)

**II.    DISCUSSION**

A. Jurisdiction

A district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." Lopez-Marroquin v. Barr, 955 F.3d 759, 759 (9th Cir. 2020) (citing Singh v. Holder, 638 F.3d 1196, 1211–12 (9th Cir. 2011)). Pertinent here, the Supreme Court specifically directed that federal courts have jurisdiction to review a constitutional challenge to a non-citizen's detention under § 1226(c). See Demore v. Kim, 538 U.S. 510, 517 (2003).

B. Mandatory Detention under 8 U.S.C. § 1226(c)

Petitioner contends he should have been provided with written notice and a pre-deprivation hearing before a neutral adjudicator prior to being detained by ICE.  Petitioner relies on cases in which the Court considered the re-detention of a noncitizen who was released from custody under 8 U.S.C. § 1226(a) and then subsequently re-detained under 8 U.S.C. § 1225(b)(2)(A). See, e.g., E.A. T.-B. v. Wamsley,___ F.Supp.3d___, No. C25-1192-KKE, 2025 WL 2402130, at *3 (W.D. Was. Aug. 19, 2025).  As previously noted by the District Court, Petitioner was not at liberty pursuant to §1226(a) when he was re-detained, nor was he re-detained pursuant to § 1225(b)(2)(A). Petitioner was instead re-detained pursuant to 8 U.S.C. § 1226(c).

Section § 1226(c), in relevant part, provides:

(c) Detention of criminal aliens

(1) Custody

The Attorney General shall take into custody any alien who--

(A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,

(B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,

(C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence1 to a term of imprisonment of at least 1 year,

(D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title, or

(E)(i) is inadmissible under paragraph (6)(A), (6)(C), or (7) of section 1182(a) of this title; and (ii) is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person, when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

. . . .

(4) Release

The Attorney General may release an alien described in paragraph (1) only if the Attorney General decides pursuant to section 3521 of Title 18 that release of the alien from custody is necessary to provide protection to a witness, a potential witness, a person cooperating with an investigation into major criminal activity, or an immediate family member or close associate of a witness, potential witness, or person cooperating with such an investigation, and the alien satisfies the Attorney General that the alien will not pose a danger to the safety of other persons or of property and is likely to appear for any scheduled proceeding. A decision relating to such release shall take place in accordance with a procedure that considers the severity of the offense committed by the alien.

8 U.S.C.A. § 1226 (West).

The specific section that pertains to Petitioner is § 1226(c)(1)(E) which requires the Attorney General to take into custody any alien who is inadmissible under 8 U.S.C. § 1182(a)(7)(A)[1], and "is charged with, is arrested for, [or] is convicted of ... any burglary, theft, larceny, [or] shoplifting" offense.  Petitioner was arrested and convicted of a theft/shoplifting offense. Therefore, he is subject to detention pursuant to § 1226(c) pending removal. The statute also commands the Attorney General to take into custody an alien meeting the above criteria "when the alien is released, without regard to

---

[1] 8 U.S.C. § 1182(a)(7)(A) deems inadmissible any immigrant at time of application for admission "(I) who is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document required by this chapter, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality if such document is required under the regulations issued by the Attorney General under section 1181(a) of this title, or (II) whose visa has been issued without compliance with the provisions of section 1153 of this title."

4

whether the alien is released on parole, supervised release, or probation." Id. Here, Petitioner was taken into custody upon his release from his Texas conviction.

Therefore, Petitioner's allegation that his Fifth Amendment due process rights were violated is without merit. As previously noted, the cases he cites in support are inapplicable, and he cites no authority, nor is the Court aware of any, which would require ICE to provide an alien with notice and a hearing prior to detaining him pursuant to § 1226(c). Rather, the statute is clear that the Attorney General must immediately take the alien into custody.

With respect to release on bond pending removal, section 1226(c)(2) states that the Attorney General may release an alien described in § 1226(c)(1) "'*only if* the Attorney General decides' both that doing so is necessary for witness-protection purposes and that the alien will not pose a danger or flight risk." Jennings v. Rodriguez, 583 U.S. 281, 303 (2018) (citing 8 U.S.C. § 1226(c)(2)) (emphasis in original).  In Jennings, the Supreme Court held that "together with § 1226(a), § 1226(c) makes clear that detention of aliens within its scope *must* continue 'pending a decision on whether the alien is to be removed from the United States.'"  Id. (citing 8 U.S.C. § 1226(a)).  Further, the Supreme Court noted that "[b]y expressly stating that the covered aliens may be released 'only if' certain conditions are met, 8 U.S.C. § 1226(c)(2), the statute expressly and unequivocally imposes an affirmative *prohibition* on releasing detained aliens under any other conditions."  Id. at 304 (emphasis in original).  Thus, the Supreme Court held that "§ 1226(c) mandates detention of any alien falling within its scope and that detention may end prior to the conclusion of removal proceedings 'only if' the alien is released for witness-protection purposes." Id. Here, Petitioner does not appear to meet the conditions for release. Therefore, statutorily, § 1226(c) mandates detention.

### III.    RECOMMENDATION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be DENIED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, a party may file

written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:    **March 9, 2026**                    /s/ *Sheila K. Oberto*
                                     UNITED STATES MAGISTRATE JUDGE